UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| VERLYN JULIUS,<br><br>    Petitioner,<br><br>vs.<br><br>ALEX REYES, ACTING WARDEN;<br>ATTORNEY GENERAL FOR THE STATE<br>OF SOUTH DAKOTA<br><br>    Respondents. | 4:24-CV-04045-CCT<br><br><br><br>REPORT & RECOMMENDATION |

**INTRODUCTION**

This matter is pending before the court pursuant to the 28 U.S.C. § 2254 petition of Verlyn Julius, a person incarcerated pursuant to a judgment of a South Dakota state court.[1]  Docket No. 5.  Mr. Julius filed a petition for a writ of mandamus.  Docket No. 1.  He was directed by this court to complete a petition for relief under § 2254.  Docket No. 4.  Mr. Julius incorporates his claims stated in his writ of mandamus petition into his § 2254 petition.  Docket No. 5, pp. 3-8.  Mr. Julius represents himself.  Now pending is a motion by

---

[1] Mr. Julius' state court criminal record is cited as <u>South Dakota v. Verlyn Gene Julius</u>, 49CRI17-007489 (S.D. 2nd Cir., Minnehaha Cnty.).  Citations to the underlying criminal record will be CR 7489.

respondents[2] to dismiss Mr. Julius' petition without holding an evidentiary hearing.  See Docket Nos. 7 & 8.  Mr. Julius opposes the motion to dismiss by filing a motion for declaratory judgment.  Docket No. 9.  This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and DSD L.R. Civ 72.1(A)(2)(b).

## FACTS

Mr. Julius collaterally attacks his 2018 conviction.  Docket No. 5, p. 1.  Mr. Julius was charged with two counts of first-degree rape with a child less than 13 years of age, and 10 counts of sexual contact with a child under 16.  CR 7489, p. 16.  A part II information was filed against Mr. Julius alleging he was a habitual offender based on his 2014 conviction of felony child abuse.[3]  Id. at p. 20.  Attorney Melissa Fiksdal represented Mr. Julius on these charges.  Id. at p. 23.

A plea agreement was negotiated between the parties where Mr. Julius plead guilty to one count of first-degree rape.  Id. at p. 234-235.  The agreement dismissed all other counts and the Part II information with a sentencing cap of 35 years.  Id.  The sentence was to run consecutively with CR 1392.  Id.  At the change of plea hearing, the court advised Mr. Julius of the

---

[2] Mr. Julius names South Dakota's Attorney General as respondents.  Mr. Julius is in custody, and § 2254 Rule 2(a) requires the (singular) respondent to be "the state officer who has custody," i.e., the warden.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  The Attorney General is an improper party, leaving Alex Reyes as sole properly named respondent.

[3] State of South Dakota v. Verlyn Gene Julius, 49CRI13-1392 (S.D. 2nd Cir., Minnehaha Cnty.) ("CR 1392").

rights he would be giving up if he were to plead guilty. Id. at pp. 243-245. Mr. Julius stated understood of the consequences of his plea. Id. Mr. Julius also acknowledged he understood his charge and the associated penalties. Id. at p. 244. The court asked Mr. Julius if he was satisfied with the advice he had received from counsel, Ms. Fiksdal. Id. at p. 245. He stated he was satisfied. Id. Mr. Julius plead guilty of his own free will to one count of first-degree rape with a child less than 13 years of age (SDCL § 22-22-1(1)). Id. at pp. 245-246.

The government attorney then read the factual basis and Mr. Julius agreed with the presentation of facts. Id. at p. 250. Immediately following, Mr. Julius disclosed to the court that he had a "real bad memory" and that he had dementia. Id. The court halted proceedings to inquire more as to Mr. Julius' statement that he had dementia. Id. Mr. Julius believed he had received a dementia diagnosis from the VA (Veteran Affairs Medical Facility). Id.

The court asked Ms. Fiksdal if she believed there were any issues with competency. Id. Ms. Fiksdal stated, "I don't feel like there are any issues of competency, but I think there are issues with his short-term memory and being able to remember things. . . . He does have recollection of what occurred, but not specifics, like, the exact address." Id. The court again asked if competency was an issue. Id. at p. 251. "No, Your Honor. I feel like he is able to cooperate in his own defense and able to understand what we are doing here today and assist in his own defense. And so I have ruled that out." Id. at p. 251.

Mr. Julius was then able to recall various addresses and the length he lived at those addresses. Id. at pp. 251-252. Mr. Julius initially did not agree with the court's description of the charge that he had performed an act of sexual penetration by inserting his finger in the victim's vaginal area. Id. at p. 253. After an explanation of the statue by counsel, Mr. Julius did agree with the facts of his case that supported to the charge. Id.

The court found that Mr. Julius had been advised and understood the nature of the charge and made his plea knowing, voluntary, intelligent, and was uncoerced. Id. at p. 254. A psychosexual examination was ordered by the court prior to sentencing. Id. at pp. 30 & 234. The results of the exam were that Mr. Julius' intelligence was in the normal range. Id. at p. 60. Mr. Julius "showed good short-term and long-term memory skills/functioning." Id. "Although he claimed to have memory deficits, these were not evident in cognitive screening test data, his recollection of historic and recent events, and recent neuropsychological testing indicate no evidence of dementia." Id. at p. 44. Mr. Julius was sentenced to 35 years' incarceration on July 17, 2018. Id. at p. 234.

Mr. Julius did not file a direct appeal to the South Dakota Supreme Court. Docket No. 5, p. 2; Docket No. 8, p. 4. He states the reason he did not appeal was due to his mental incompetency. Id. Mr. Julius retained post-conviction counsel, Kenneth Tschetter, to represent him. Mr. Tschetter filed a petition for writ of habeas corpus in state court on June 26, 2020. Verlyn Gene Julius v. Brent Fluke, 49CIV20-1848 (S.D. 2nd Cir., Minnehaha Cnty.)

("CIV 1848"). Mr. Julius raised ineffective assistance of his trial counsel and due process claims, arguing that he was not competent at the time of his plea and sentencing. CIV 1848, pp. 3-4.

A forensic evaluation of Mr. Julius' competency was performed. Id. at p. 83. The doctor determined, as with the previous pre-sentencing examination, that Mr. Julius was not cognitively impaired at the time of his plea and sentencing. Id. at p. 102. The state dismissed Mr. Julius' habeas petition on July 5, 2023, and denied his certificate of probable cause on July 11, 2023. Id. at pp. 119-122.

Mr. Tschetter filed a motion with the South Dakota Supreme Court for a certificate of probable cause on August 1, 2023. Verlyn Gene Julius v. Brent Fluke, No. 30412 (S.D. 2023). The court dismissed the motion on September 8, 2023. Id. at p. 34. Mr. Julius, representing himself, filed a writ of mandamus with the South Dakota Supreme Court on December 15, 2023. Verlyn Gene Julius v. Minnehaha States Attorney and Minnehaha County Second Judicial Circuit Court, No. 30556 (S.D. 2023). His application was denied by the court on January 19, 2024. Id. at p. 31.

Mr. Julius filed a petition for writ of mandamus with this court on March 11, 2024. Docket No. 1. The court directed Mr. Julius to complete a habeas petition form. Docket No. 4. Mr. Julius filed his habeas petition on April 11, 2024. Docket No. 5. In his habeas petition, Mr. Julius raises the following four grounds for relief:

   (1)    Ineffective assistance of counsel when his trial counsel failed to advise him of the nature and cause of the offense and the elements of said crime.

   (2)    Violation of [Mr. Julius'] due process of law rights under the U.S. Const. 14 Amendment. This was when his counsel failed to argue his actual innocents [sic].

   (3)    Violation of [Mr. Julius'] due process of law rights under the U.S. Const. 14 Amendment. This was when his counsel failed to raise the competency of the defendant. Even though records showed it.

   (4)    Violation of [Mr. Julius'] due process of law rights under the U.S. Const. 14 Amendment. This is due to [Mr. Julius'] Habeas Counsel Mr. Tschetter, using a relative to my prior trial counsel for a mental eval.

See Docket No. 5, pp. 4-8.

## DISCUSSION

**A.   Scope of a Writ of Mandamus**

Federal courts are authorized to issue writs under 28 U.S.C. § 1651. ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their *respective jurisdictions* and agreeable to the usages and principles of law.") Federal courts do not have authority to issue a writ of mandamus overturning a state court determination, and any such request from a state prisoner should be dismissed for lack of jurisdiction. Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cty., 323 F.2d 485, 486 (8th Cir. 1963); McAfee v. Missouri, No. 1:22-CV-00161-SRW, 2023 WL 2162110, at *5 (E.D. Mo. Feb. 22, 2023), aff'd, No. 23-1583, 2023 WL 6237131 (8th Cir. May 26, 2023); Shaw v. Minnesota, No. 22-CV-0334 (WMW/TNL), 2022 WL 2712883 (D. Minn. July 13, 2022).

Further, a writ of mandamus is an extraordinary remedy reserved for only exceptional circumstances. Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004) (internal citations omitted). Three conditions must be satisfied before a court may issue a writ.

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires,—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81, 124 S. Ct. 2576, 2587, 159 L. Ed. 2d 459 (2004) (citing Kerr v. U. S. Dist. Ct. for N. Dist. of California, 426 U.S. 394, 403 (1976)).

Mr. Julius continues to be in state custody under a state court conviction. He asks this court to determine that his constitutional rights were violated. The appropriate method for such relief is a petition under 28 U.S.C. § 2254, which Mr. Julius did file at the court's prompting. Mr. Julius is not immune to the procedural requirements of § 2254 simply because he styled his initial pleading as a writ of mandamus. See Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007) (stating "Prisoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning . . . [T]he name makes no difference. It is substance that controls.").

**B.    Scope of a § 2254 Petition**

A state prisoner who believes he is incarcerated in violation of the Constitution, or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005) (citation omitted). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be *unreasonable*." Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1046 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court must "more than simply

disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

**C.     Section 2254's One-Year Limitations Period**

   **1.     Calculating the Limitations Period**

AEDPA contains a one-year statute of limitations for § 2254 petitions. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (1996). Specifically, it amends 28 U.S.C. § 2244 to provide, in relevant part:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id.; See 28 U.S.C. § 2244(d).

9

A judgment of state conviction is final, for purposes of commencing the statute of limitation period, at:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is 90 days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001) (citation omitted). The time allotted for direct appeal in South Dakota is 30 days. SDCL § 23A-32-15.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (quoting Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the

10

state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

### 2. Application of the Statute of Limitations to Mr. Julius' Petition

Mr. Julius' claims for ineffective assistance of his trial counsel are time-barred (claims 1-3). Mr. Julius' judgment of conviction was entered July 17, 2018. CR 7489, p. 234. His conviction became final for AEDPA purposes on August 16, 2018—thirty days after his judgment and conviction was filed. Smith, 159 F.3d at 348; SDCL § 23A-32-15. Mr. Julius had one year from when his conviction became final to file his federal habeas petition—until August 16, 2019. See 28 U.S.C. § 2244(d)(1)(A) (the one-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Mr. Julius initiated his state court habeas action on June 26, 2020, approximately 10 months after his federal habeas statute of limitations had expired. Because the AEDPA limitations period had already expired by the time Mr. Julius filed his state habeas petition, the statutory tolling provided under § 2244(d)(2) does not apply.

Mr. Julius also raises a claim for ineffective assistance of counsel against his state habeas attorney, Mr. Tschetter (claim 4). Respondents do not distinguish the timeliness of claims 1-3 verses claim 4. The statute of limitations on any claim against habeas counsel runs 1 year from "the date on which the factual predicate of the claim or claims presented could have been

11

discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D). Mr. Tschetter was retained by Mr. Julius for his state habeas proceedings. That litigation began on June 26, 2020, and concluded with the denial of a certificate for probable cause by the South Dakota Supreme Court on January 19, 2024. Because Mr. Tschetter's ongoing state habeas representation of Mr. Julius is the factual predicate for his claim, claim 4 is timely.

### 3.   Equitable Tolling as to Claims 1-3

The court notes that the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)). The time limit is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. A petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The decision whether to equitably toll AEDPA's limitations period "is a fact-intensive inquiry [based on] the totality of the circumstances." Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017) (citing Holland, 560 U.S. at 649-50). Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

Mr. Julius all but acknowledges that his petition is time-barred. Docket No. 5, p. 4. Mr. Julius states, "petitioner has been exhausting all State

12

remedies available to him, this includes State Mandamus relief, which is a slow process, and he has been doing his best with his mental incompetency to find other [sic] who are willing to help him." Id. Respondent argues that Mr. Julius has not carried his burden to demonstrate grounds for the application of equitable tolling. Docket No. 8, pp. 8-11. "Julius makes no claim he was hindered from complying with the one-year federal statute of limitations in 2018 and 2019 because of mental incapacity." Id. at p. 10.

### a. Extraordinary Circumstances

"The extraordinary circumstance that prevents a petitioner from filing his federal application must be external to the petitioner and not attributable to his actions." Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012). "Courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008). "A plaintiff seeking equitable tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him or her from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll." Jessie v. Potter, 516 F.3d 709, 714 (8th Cir. 2008).

This court is not convinced that Mr. Julius was prevented from filing his federal habeas petition prior to August 19, 2019, due to his asserted dementia. Mr. Julius does not present evidence that he had a dementia diagnosis during the pertinent time periods in his federal petition. Mr. Julius attached a partial

13

transcript of his 2013 criminal case to his federal petition in which Dr. Bean testified for the defense that he believed that Mr. Julius had a "neurocognitive disorder." Docket No. 2-1, p. 9. Mr. Julius scored a 30/30 (indicating no evidence of dementia) on a screening test conducted by Dr. Bean. Id. Dr. Bean confirmed that Mr. Julius had not been diagnosed with dementia by the VA, but that the VA had not performed a full "neuropsych evaluation" at that time. Id. at p. 10.

      Contained in Mr. Julius' state habeas file is a letter he composed to Mr. Tschetter stating his dissatisfaction with Mr. Tschetter's representation dated April 13, 2023. CIV 1848, p. 111. Mr. Julius was upset that the doctor, who completed the psychiatric forensic evaluation for his state habeas case, was supposedly related to his former attorney for his 2013 criminal case, Leo Flynn. Id. This doctor had concluded that Mr. Julius did not have dementia. Contrary to both psychiatric evaluations, Mr. Julius believed that he had been diagnosed with dementia in 2013 and attached documentation to this effect. Id. However, that document is dated April 6, 2023, and is lacking any identifying information of the provider or physician who made the dementia diagnosis and the date of that diagnosis. Id. at p. 112. Mr. Julius had capacity to not only retain a private attorney but also represent himself in multiple timely state actions. He was found competent in two separate evaluations. He cannot now claim incompetency for his untimely federal petition without evidence.

### b. Due Diligence

The Holland Court held that a petitioner must establish "reasonable diligence" in pursuing his federal habeas rights, not "maximum feasible diligence." Holland, 560 U.S. at 653 (citations omitted). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction." Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013) (citation omitted). "[A] petition[er] [needs] to show diligence continued up through the point of filing his habeas petition in federal court." See Smith v. Davis, 953 F.3d 582, 593 n.3 (9th Cir. 2020) (en banc).

The Eighth Circuit has summarized what does and does not constitute due diligence on the part of the petitioner:

> A petitioner acts with diligence when, for example, he writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day that he learns it is late. In contrast, a petitioner does not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls.

Williams v. Kelley, 830 F.3d 770, 773 (8th Cir. 2016).

Mr. Julius states that he was exhausting all state remedies available to him as a reason that his federal petition is untimely. However, he did not file a direct appeal. Mr. Julius retained an attorney and filed his state habeas petition just shy of the two-year state statute of limitations. See SDCL § 21-27-3.3 (The statute provides a two-year statute of limitations to file a state habeas action). Mr. Julius does not provide an explanation that he was ever prevented

from contacting the federal court to initiate a timely habeas petition. Nowhere does Mr. Julius suggest he was diligently working to file his federal habeas action. Because Mr. Julius did not prove extraordinary circumstances or due diligence, equitable tolling does not apply to his three untimely claims. Claims 1-3 should be dismissed with prejudice.

### D. Ineffective Assistance of State Habeas Counsel

Mr. Julius raised ineffective assistance of his state habeas counsel, Mr. Tschetter in his state petition for writ of mandamus, and renews that claim in his federal petition. Verlyn Gene Julius v. Minnehaha States Attorney and Minnehaha County Second Judicial Circuit Court, No. 30556 (S.D. 2023). The South Dakota Supreme Court dismissed Mr. Julius' writ of mandamus petition without a written opinion. Id. at p. 31.

Writs of habeas corpus are reserved for constitutional violations. 28 U.S.C. § 2254. "Because there is no constitutional right to an attorney in state post-conviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 725 (1991); see Wainwright v. Torna, 455 U.S. 586 (1982). "In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation." Coleman, 501 U.S. at 754 (citing Murry v. Carrier, 477 U.S. 478, 487 (1986)). The Supreme Court has recognized a narrow exception: "Inadequate assistance of counsel at *initial-review* collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at *trial*."

16

Martinez v. Ryan, 566 U.S. 1, 9 (2012) (emphasis added). In other words, when post-conviction counsel prevents review of ineffective trial counsel, a prisoner may claim the ineffective assistance of the post-conviction counsel as cause for procedural default.

Mr. Julius has a constitutional right to effective assistance of trial counsel under the Sixth Amendment. U.S. CONST. amend. VI. He exhausted claims 1-3 of ineffective assistance of trial counsel in state court. This court has determined that those same claims are now untimely and should be dismissed with prejudice. Mr. Julius does not argue that Mr. Tschetter's post-conviction representation prevented him from initial review of his claims of ineffective assistance of trial counsel. Mr. Julius does not have a constitutional right to effective assistance of his post-conviction counsel, Mr. Tschetter. Because Mr. Julius is not entitled to habeas relief on claim 4, it should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing law, facts, and analysis, this magistrate judge respectfully recommends dismissing Mr. Julius' § 2254 petition with prejudice.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1)(B). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely

17

and specific in order to require *de novo* review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 31st day of July 2024.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge