UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| VERLYN JULIUS,<br><br>    Petitioner,<br><br>vs.<br><br>ALEX REYES, ACTING WARDEN; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>    Respondents. | 4:24-CV-04045-ECS<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

**I.   Background**

The Petitioner, Verlyn Julius, seeks to collaterally attack a 2018 state-court conviction for first-degree rape. Docs. 1, 5. The State had originally charged Julius with two counts of first-degree rape of a child under 13 years of age and ten counts of sexual contact with a child under 16 years of age. See CR 7489 at 16.[1] A part-II information was later filed charging Julius as a habitual offender. Id. at 20. Julius ultimately pled guilty to one count of first-degree rape with a child under 13 years of age. Id. at 234–35. The parties also agreed to dismiss the remaining thirteen counts. Id. at 235. On July 17, 2018, Julius was sentenced to thirty-five years' incarceration. Id. at 234. He did not pursue a direct appeal of either his conviction or sentence. Doc. 5 at 2; Doc. 8 at 4.

---

[1] This Court cites to Julius's state court criminal record, South Dakota v. Verlyn Gene Julius, 49CRI17-007489 (S.D. 2nd Cir., Minnehaha Cnty.), as "CR 7489" followed by a pincite when necessary.

1

On June 26, 2020, Julius filed a petition for a writ of habeas corpus in state court. CIV 1848 at 1.[2] The State dismissed Julius's petition on July 5, 2023, and denied his request for a certificate of appealability six days later. Id. at 119, 122. On August 1, 2023, Julius moved for a certificate of probable cause from the South Dakota Supreme Court. No. 30412 at 2.[3] The court denied his motion on September 8, 2023. Id. at 34. Julius also petitioned the South Dakota Supreme Court for a writ of mandamus, which the court dismissed on January 19, 2024. No. 30556 at 2, 31.[4]

Julius ultimately filed a petition for a writ of mandamus in this Court on March 11, 2024. Doc. 1. At the Court's direction, he completed and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which incorporated the claims he asserted in his petition for a writ of mandamus. Doc. 4; see Doc. 6 at 1. Respondents moved to dismiss Julius's petition without an evidentiary hearing. Docs. 7, 8. Julius opposed Respondents' motion by moving for declaratory judgment. Doc. 9. This matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and District of South Dakota's Civil Local Rules of Practice 72.1.A.2(b). Judge Duffy issued a Report recommending this Court grant Respondents' motion to dismiss Julius's § 2254 petition with prejudice. Doc. 11.

**II.   Standard of Review**

A district court reviews a report and recommendation under the standards provided in 28 U.S.C. § 636(b)(1), which states, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

---

[2] Verlyn Gene Julius v. Brent Fluke, 49CIV20-1848 (S.D. 2nd Cir. Minnehaha Cnty.) ("CIV 1848").
[3] Verlyn Gene Julius v. Brent Fluke, No. 30412 (S.D. 2023) ("No. 30412").
[4] Verlyn Gene Julius v. Minnehaha States Att'y and Minnehaha Cnty. Second Jud. Cir. Ct., No. 30556 (S.D. 2023) ("No. 30556").

to which objection is made." When no objection is made, however, "the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985) (noting "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed")); see Fed. R. Civ. P. 72(b) advisory committee notes to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); see also United States v. Red Bird, No. 20-30026, 2020 WL 6129634, at *2 (D.S.D. Oct. 19, 2020).

Here, Julius filed a motion to extend the deadline to file objections to the Report and Recommendation. Doc. 12. The Court granted Julius's motion, extending the deadline to file objections to September 23, 2024. Doc. 13. The deadline to file objections has now passed, and Julius has not filed any. Accordingly, this Court reviews the Report and Recommendation under the clearly erroneous standard.

**III.  Discussion**

    **a.  Writ of Mandamus**

"[F]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992)). The Mandamus Act, which codified the common-law writ of mandamus, gives "district courts [] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But federal district courts have no jurisdiction to issue a writ of mandamus compelling state

officials or agencies to act in performance of their duties. Cook v. Hinrichs, 500 F. Supp. 2d 1225, 1227 (D.S.D. 2007) (citing Veneri v. Cir. Ct. of Gasconade Cnty., 528 F. Supp. 496, 498 (E.D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.")). As such, this Court has no authority to issue a writ of mandamus overturning a state court's decision. See Middlebrooks v. Thirteenth Judicial Dist. Cit. Ct., 323 F.2d 485, 486 (8th Cir. 1963) (per curiam). Thus, this Court dismisses Julius's petition for a writ of mandamus for lack of subject-matter jurisdiction.

b. **Section 2254 Habeas Petition**

Julius's habeas petition raises four grounds for relief:

1. Ineffective assistance [sic] of Counsel when his trial Counsel failed to advise him of the nature and cause of the Offense and the elements of said crime.
2. Violation of [Julius's] due process of Law rights under the U.S. Const. 14 Amendment. This was when his counsel failed to argue his actual innocents [sic].
3. Violation of [Julius's] due process of Law rights under the U.S. Const. 14th Amendment. This was when his counsel failed to raise the Competency [sic] of the Defendant. Even though the records showed it.
4. Violation of [Julius's] due process rights under the U.S. Const. 14th Amendment. This is due to [Julius's] Habeas Counsel Mr. Tschetter, using a relative to [Julius's] prior trial counsellfor [sic] Mental eval.

See Doc. 5 at 4–8. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (1996), established a one-year statute of limitations for § 2254 petitions. For purposes of AEDPA, Julius's judgment became final on August 16, 2018—the expiration of time to file a direct appeal. Doc. 11 at 11. Under AEDPA's one-year statute of limitations, Julius had until August 16, 2019, to file a federal habeas petition. See id. He did not do so. To be sure, Julius did not even file his state habeas action until ten months after

4

his federal statute of limitations period had lapsed. Id. Because the factual predicate of claims 1–3 arose when his state court judgment became final, those three claims are untimely under AEDPA.

Julius's fourth claim, while not time barred, does not present a constitutional violation. "There is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). As such, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Id. While the United States Supreme Court has recognized an exception to this rule, it is a narrow one and does not apply here. See Martinez v. Ryan, 566 U.S. 1, 9 (2012). Because all of Julius's claims are either untimely or do not allege a constitutional violation, his § 2254 petition must be dismissed.

### c.  Filing Fee

Julius originally filed a petition for a writ of mandamus and fully paid the required $405.00 filing fee. Doc. 1. Although Julius styled his petition as a writ of mandamus, it raised arguments collaterally attacking his 2018 state-court conviction. See id.; Doc. 6 at 1. The magistrate judge properly construed his petition as one seeking habeas relief and directed Julius to fill out and return a standard § 2254 habeas petition. Doc. 4; Doc. 6 at 1. This Court then reviewed and dismissed Julius's claims pursuant to 28 U.S.C. § 2254. A standard § 2254 petition only requires a $5.00 file fee.[5] This Court, therefore, directs the Clerk of Court to refund Julius $400.00, the difference between the filing fee he paid and the $5.00 filing fee needed to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See generally, Sarauer v. Wisconsin, No. 05-C-57, 2005 WL 375659, at *1 (W.D. Wis. Feb. 11, 2005).

---

[5] See Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, Form No. AO 241, U.S. Courts (last visited Oct. 17, 2024) https://www.uscourts.gov/forms/civil-forms/petition-writ-habeas-corpus-under-28-usc-ss-2254; see also Fee Schedule, United States District Court District of South Dakota (last visited Oct. 17, 2024) https://www.sdd.uscourts.gov/2017fees.

### IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Report and Recommendation, Doc. 11, having been reviewed for clear error, is adopted. It is further

ORDERED that Respondents' Motion to Dismiss, Doc. 7, is granted. It is further

ORDERED that Petitioner Verlyn Julius's Petition for a Writ of Mandamus, Doc. 1, and Petition for Writ of Habeas Corpus, Doc. 5, are dismissed with prejudice. It is further

ORDERED that Petitioner Verlyn Julius's Motion for Declaratory Judgment, Doc. 9, is denied. It is further

ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied. It is finally

ORDERED that the Clerk of Court refund Verlyn Julius $400 dollars—the difference between the filing fee needed to file a petition for a writ of mandamus and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED this 18th day of October, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE